UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

G & G CLOSED CIRCUIT
EVENTS, LLC,

        Plaintiff,

v.

PUNCHLINE COMEDY
LOUNGE, LLC d/b/a
PUNCHLINE COMEDY
LOUNGE A/K/A NORTH
BAR & GRILLE, AND
TARIK ALI HAYGOOD,

        Defendants.
_____/

Case No. 2:24-cv-11698
District Judge F. Kay Behm
Magistrate Judge Anthony P. Patti

## ORDER GRANTING PLAINTIFF'S MOTION FOR ALTERNATE SERVICE AND TO EXTEND SUMMONS AS TO DEFENDANT TARIK ALI HAYGOOD (ECF NO. 8)

On July 1, 2024, Plaintiff filed this lawsuit, alleging licensing violations under 47 U.S.C. § 605 and 47 U.S.C. § 553, based on Defendants allegedly unauthorized publication, interception, transmission or use of communications related to the television distribution (closed-circuit) rights to the Errol Spencer, Jr. vs Terence Crawford Championship Fight Program on July 29, 2023.  (ECF No. 1.)  Summons were issued for both Defendants and Plaintiff filed an executed return of service indicating that Punchline Comedy Lounge, LLC ("Punchline") was served on August 29, 2024.  (ECF No. 3.)  A clerk's entry of default was

entered against Punchline on September 26, 2024.  (ECF No. 6.)  Thus far, Plaintiff has been unable to serve Defendant Tarik Ali Haygood.

On September 27, 2024, Plaintiff filed an ex parte motion for an order allowing alternate service and to extend summons upon Defendant Tarik Ali Haygood (ECF No. 8), which Judge Behm has referred to me for hearing and consideration (ECF No. 9).  Plaintiff states that it has used due diligence to verify Haygood's current address as 8080 Sorrento, Detroit, Michigan 48228-2710, but despite "exhaustive" attempts to serve Haygood, has thus far been unable to locate Haygood.  (ECF No. 9, PageID.26.)  "Plaintiff believes that Haygood cannot be personally served by the date of expiration of the Summons, but Plaintiff believes that it has diligently searched for Haygood, supporting an Order for Alternative Service."  (*Id.* at PageID.25.)  Plaintiff supports its request with affidavits of counsel verifying the methods used to secure Defendant's correct address (ECF No. 8, PageID.32), and an affidavit of the process server, indicating that service was attempted six times, at various times of the day (evening, afternoon, and morning) over an approximately three-week time frame (ECF No. 8-3, PageID.41).

Under the Michigan Court Rules:

> (1) On a showing that service of process cannot reasonably be made as provided by this rule, the court may by order permit service of process to be made in any other manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard.

> (2) A request for an order under the rule must be made in a verified motion dated not more than 14 days before it is filed. The motion must set forth sufficient facts to show that process cannot be served under this rule and must state the defendant's address or last known address, or that no address of the defendant is known. If the name or present address of the defendant is unknown, the moving party must set forth facts showing diligent inquiry to ascertain it. A hearing on the motion is not required unless the court so directs.
>
> (3) Service of process may not be made under this subrule before entry of the court's order permitting it.

Mich. Ct. R. 2.105(J).  Plaintiff requests the Court enter an order allowing alternate service "by a method or methods, which in the [C]ourt's judgment, are reasonably calculated to give the defendants actual notice of the proceedings and an opportunity to be heard," but does not specifically propose such a method or methods.  (ECF No. 8, PageID.30.)[1]

Having reviewed the motion, the Undersigned concludes that a hearing is not necessary.  *See* E.D. Mich. LR 7.1(f)(2).  Upon consideration, Plaintiff's motion (ECF No. 9) is **GRANTED**.  Finding that Plaintiff has diligently but unsuccessfully attempted to effectuate service, the Court will allow service by alternative means including: (1) tacking or firmly affixing the summons, complaint, and a copy of this order to the front door of 8080 Sorrento, Detroit, Michigan 48228-2710, and (2) sending copies by both registered mail, return

---

[1] Plaintiff also requests that the Court enter the proposed order "attached" to the motion, or an order substantially similar thereto.  (ECF No. 8, PageID.30-31.)  There is no proposed order attached to the motion.

3

receipt requested and regular mail to 8080 Sorrento, Detroit, Michigan 48228-2710, with proof of service to be filed with the Court. *See* Mich. Ct. R. 2.105 (allowing service of process in any alternative manner "reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard.")

Accordingly, the Court **DIRECTS** the Clerk's Office to reissue the summons as to Defendant Haygood and extend the time for Plaintiffs to serve the Summons and Complaint on Defendant for forty-five (45) days from the date of the order granting this motion.

**IT IS SO ORDERED.**

Dated: October 11, 2024

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE